UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSE DIAZ,

*Defendant-Appellant.*

No. 00-4004

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-98-94-L)

Submitted: September 20, 2000

Decided: April 23, 2001

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

J. Dennis Murphy, Jr., Annapolis, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Diaz appeals his conviction for conspiracy to import cocaine base, 21 U.S.C. § 963 (1994), for which he was sentenced to 151 months imprisonment. Diaz pled guilty, reserving the right to appeal the district court's denial of his motion to suppress the evidence found in an automobile and a warehouse.

This court reviews the district court's findings on a denial of a motion to suppress for clear error and its legal conclusions *de novo*. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Further, this court construes the evidence in the light most favorable to the party who prevailed below. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Diaz challenges the search of his automobile on the basis that his arrest was not supported by probable cause. Upon our review of the record, we hold that the DEA agents had probable cause to arrest Diaz.

Diaz further argues that the automobile search was not a valid search incident to arrest even if his arrest was supported by probable cause, because the automobile was assertedly not under his immediate control at the time of his arrest. Diaz did not raise this issue at trial. His argument on appeal is thus reviewed under a plain error standard. *See United States v. Ford*, 88 F.3d 1350, 1355-56 (4th Cir. 1996) (claims not raised at trial are reviewable only for plain error). We find that Diaz has not shown plain error with respect to the district court's admission of evidence obtained during the search of his automobile. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993) (in order to make out a claim of plain error, one must establish that the error occurred, that the error was plain, and that the error affected one's substantial rights). Further, this court should not exercise its discretion to notice such an error unless it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 736.

We also find that the search of the warehouse was conducted pursuant to a valid consent which included consent to search the contents of any buckets stored in the warehouse. Accordingly, we deny Diaz's motion for appointment of substitute counsel and affirm Diaz's con-

viction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*